## JOSEPH. BELL *vs.* CHAUNCEY AYRES.

The sta'ute (Gen. Statutes, tit. 19, ch. 5, sec. 13,) provides that any judge hold-
ing the Superior Court or a Court of Common Pleas, may, if in his opinion
justice requires it, order any civil cause which has been put to the jury, to be
transferred to the same court in any other county.  Held—

1.  That such a cause could be transferred after a trial by jury and a disagree-
ment.

2.  That it is not necessary that issue should be joined to the jury of the
county to which the case is transferred, but it is sufficient if the issue has once
been joined to the jury generally.

3.  That the record need not show the reasons why the case is transferred.

By the act of 1875, in a suit upon a contract in a court whose jurisdiction is
limited in amount, judgment may be rendered for interest accruing after the
commencement of the suit, although the judgment shall be made thereby to
exceed the limit of the jurisdiction and the demand in the writ.  A cause
had been pending for three years in a court whose jurisdiction was limited to
$500, and judgment was rendered for $527.75.  Held that the excess being
manifestly less than the interest would have been, this court would regard it
as made up of accrued interest.

ASSUMPSIT for goods sold; brought to the Court of Com-
mon Pleas of Fairfield County, and by order of the court
transferred, under the provisions of the statute, (Gen. Stat-
utes, p. 415, sec. 13,) to the Court of Common Pleas of New
Haven County, and tried to the jury in that court before
*Robinson, J.*  Verdict for the plaintiff and motion in error by
the defendant.  The case is sufficiently stated in the opinion.

*J. H. Olmstead,* for the plaintiff in error.

*H. Stoddard,* for the defendant in error.

CARPENTER, J.  This case was tried three times before a
jury of Fairfield County, and on each trial the jury failed to
agree.  Subsequently, on motion of the plaintiff, the case was
transferred to the Court of Common Pleas for New Haven
County, where a trial was had and a verdict obtained.  Before
verdict the defendant moved that the cause be erased from
the docket.  That motion was denied; and the question
thereby raised, with the other questions stated on the record,
is brought before this court by a motion in error.

1.  It is objected that the proceedings in this county are

Bell *v.* Ayres.

void, for the reason that under the circumstances the statute did not authorize the removal of the cause from Fairfield County. The claim is that it could not be legally removed after the parties had joined issue, and especially after a trial to the jury. We do not perceive the force of this objection. The statute authorizes "any civil cause which has been put to the jury" to be removed. The language of the statute clearly contemplates cases in which the issue has been joined. There is no limitation in respect to time. At any time while the suit is pending, if, in the opinion of the court, the cause of justice requires it, it may be removed.

2. The next error assigned is, that the issue was not joined to the jury of New Haven County. The issue was joined to the jury generally, and the case properly stood to the jury in any court which had jurisdiction of the cause.

3. The third error assigned is, that the record does not show the reasons why the cause of justice required the transfer from Fairfield to New Haven County. The law does not contemplate a statement of facts, a traverse, a hearing, and a finding. The motion to a great extent is based upon facts which are open and notorious. The statute authorizes the judge to remove the cause, "if, *in his opinion*, the cause of justice requires it." It is therefore left to the sound discretion of the court, and is not the subject of revision by this court.

4. The last error assigned is that the verdict and judgment were for a sum greater than $500, while that is the limit of the jurisdiction of the Court of Common Pleas in Fairfield County. The statute of 1875, (Session Laws, page 28,) authorized the court to render judgment for interest accruing after the commencement of the suit, in addition to the amount to which their jurisdiction would be otherwise limited, and in excess of the amount demanded in the writ. That statute clearly covers this case. The cause had been pending about three years. The excess is $27.75, manifestly much less than the interest accruing during the pendency of the suit.

There is no error in the judgment.

In this opinion the other judges concurred.